# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-539V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |  |
|---|---|---|
| | \* | |
| CARLENE SCHULTZ, | \* | |
| | \* | Special Master Corcoran |
| Petitioner, | \* | |
| | \* | Filed: August 15, 2019 |
| v. | \* | |
| | \* | Attorney's Fees and Costs; |
| | \* | Interim Fees; Lodging Costs. |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART AND DEFERRING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 2, 2016, Carlene Schultz filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she experienced an adverse reaction to the influenza vaccine she received on October 25, 2013, causing her to experience a stroke and/or spontaneous intracranial bleed. Pet. at 1–5 (ECF No. 1). An entitlement

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

hearing took place on June 25, 2019, in Washington, D.C., and a decision in the matter is still pending.

Petitioner has now requested a second interim award of attorney's fees and costs in the total amount of $113,672.85 (representing $65,363.25 in attorney's fees, plus $48,309.60 in costs). Mot. for Interim Attorney's Fees & Costs at 4, filed July 12, 2019 (ECF No. 68) ("Interim Fees App.").

Respondent filed a Response to Petitioner's Motion on July 25, 2019, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response at 2 (ECF No. 71). Respondent also defers to my discretion the more general determination of whether the statutory and other legal requirements for an award of attorney's fees and costs are met, including whether the claim possesses a reasonable basis. *Id.*

For the reasons stated below, I hereby **GRANT IN PART AND DEFER IN PART** Petitioner's Motion, awarding at this time costs in the amount of $38,059.08, and deferring resolution of the amount of attorney's fees to be awarded.

**Procedural History**

This action has been underway for over three years. After medical records, Respondent's Rule 4(c) Report, and expert reports from both sides had been filed, Petitioner moved for an interim fees and costs award (prior to the June 2019 hearing) in January 2018. ECF No. 37. I granted in part Petitioner's motion, awarding $59,306.29: $33,183.50 in attorney's fees for work performed from August 2015 to January 2018, as well as $29,222.79 in costs. Decision Granting Interim Award of Atty's Fees & Costs at 6, filed Feb. 16, 2018 (ECF No. 41) ("First Interim Fees Dec."). Contrary to my usual practice, this costs award included payment for expert work by Drs. Laura Boylan and Yehuda Shoenfeld incurred to date at the time of the motion's filing. *See id.* at 5.

Following the issuance of the first interim award, the parties filed additional expert reports, followed by prehearing submissions in the spring of 2019 (ECF No. 56; ECF No. 57; ECF No. 62). As previously noted, an entitlement hearing took place on June 25, 2019.

In the new request for an interim fees award, Petitioner asks that Andrew Downing be compensated at a rate of $385 per hour for work in 2018–19. Interim Fees App. Ex. A. at 26. She also requests that attorney Courtney Van Cott receive $205 per hour for work in 2018–19. *Id.* For the work of two paralegals, Danielle Avery and Robert Cain, Petitioner requests compensation at a rate of $135 per hour for work performed in 2018–19. *Id.* Petitioner additionally requests $48,309.60 in litigation costs (for obtaining medical records, expert fees, hearing-related travel and lodging expenses, and other miscellaneous costs). Interim Fees App. at 4. Of that figure, $36,748.81 reflects expert costs incurred for the services of Dr. Boylan ($19,492.90) and Dr.

Shoenfeld ($17,255.91), including their hearing-related travel and lodging. Interim Fees App. Ex. A at 23–25.

## ANALYSIS

### I.  Appropriateness of Interim Award[3]

It is not my policy to make multiple interim attorney's fee awards. Accordingly, I do not find that a second interim award of attorney's fees is justified at this time. No entitlement decision has been issued in this case to date, and there remains the likelihood that (if either side chooses to appeal, or if a favorable entitlement decision results in protracted damages negotiations) more fees will be generated in the matter. Petitioner is advised that I will defer resolution of all future attorney's fees requests until a final judgment has entered in this matter

### II.  Litigation Costs

Although I am unwilling to issue a second interim fees award, costs are another matter (especially because, with the hearing concluded, the largest component of costs—those associated with experts—are not likely to recur). I will therefore permit a second interim award of costs.

The requested costs herein fall into three general categories: office and filing-related costs; expert costs; and travel costs. The first category includes charges for photocopies, postage, faxes, obtaining medical records, and Westlaw legal research. I find all of these charges to be reasonable and will make no reductions to the award for these costs. However, I will make adjustments to costs pertaining to experts and travel, as set forth below.

#### A. Expert Costs

*Dr. Boylan*

Petitioner requests reimbursement of $19,492.90 in relation to Dr. Boylan. This includes train tickets from New York City to Washington, D.C. for the hearing ($678.72); a two-night stay at the J.W. Marriott Hotel in Washington, D.C. ($1,439.18); and $17,375.00 for 34.75 hours of work at a rate of $500 per hour. Interim Fees App. Ex. A at 47–48, 60–61, 63–64.

I previously awarded Dr. Boylan a rate of $500 per hour for her work in this case, and I will again do so here. *See* First Interim Fees Dec. at 5. However, I note that she billed for eight hours of travel time at her full rate. Interim Fees App. Ex. A at 47. Expert travel time is

---

[3] I have previously discussed at length the standards applicable to determining whether to award interim fees and costs. *See* First Interim Fees Dec. at 3–4. I also discuss the standard for costs therein. *Id.* at 5.

compensated at one-half the expert's standard hourly rate absent a showing that they spent their travel time working on the matter in question. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at \*17 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). In keeping with this practice, I will reduce Dr. Boylan's payment for these eight hours of travel by half, resulting in an overall reduction of $2000.00.

I note further that Dr. Boylan's hotel cost—as with Dr. Shoenfeld's, Petitioner's, and Petitioner's counsel (which are discussed below)—is unjustifiably high. Her two nights of lodging totaled $1,439.18, or $719.59 per night. Interim Fees App. Ex. A at 60–61. Petitioner has provided no explanation for such an exorbitantly high lodging cost. Past attorney's fees and costs decisions have recognized that, while Washington, D.C., is an expensive metropolitan area, there are many lodging options at various price points near the Office of Special Masters. *See, e.g.*, *Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517, at \*9 (Fed. Cl. Spec. Mstr. July 3, 2018) (reducing hotel cost award to $399 per night); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at \*4 (reducing hotel cost award to $420 per night); *Salmins v. Sec'y of Health & Human Servs.*, No. 11-140V, 2016 WL 806175, at \*4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016) (reducing hotel cost award to $300 per night).[4] In keeping with the reasoning of these prior decisions, I will reduce hotel room rate compensation to $400 per night, resulting in a reduction of $639.18 from costs related to Dr. Boylan.

Otherwise, I find the work performed by Dr. Boylan, as well as her travel expenses, to have been reasonable. I will reduce the costs award for her work by **$2,639.18**.

*Dr. Shoenfeld*

Petitioner requests $17,255.91 in relation to Dr. Shoenfeld. This figure includes $11,000.00 for thirty-six hours of his time: eight hours of work billed at a rate of $500 per hour, plus twenty-eight hours of travel time between Tel Aviv, Israel, and Washington, D.C., billed at 50% of his standard rate (or $250 per hour). Interim Fees App. Ex. A at 66. It also includes $775.91 for one night of lodging at the Marriot Hotel, as well as $5,480.00 for his travel expenses between Tel Aviv and Washington, D.C. *Id.* at 23, 39, 58.

As with Dr. Boylan, I find Dr. Shoenfeld's lodging cost to be unjustifiably high. I will compensate his lodging at a rate of $400 per night, resulting in a reduction of $375.91. I also find the charge of $5,480.00—which is substantiated only by a wire transfer statement, not an itemized invoice detailing the specific costs incurred for Dr. Shoenfeld's travel—to be excessive. *See*

---

[4] In addition, I note that the Washington, D.C. *per diem* rate paid to government employees for lodging while travelling for their work (a rate applicable to the special masters) is only $251 for June 2019. U.S. General Services Administration, *FY 2019 Per Diem Rates for District of Columbia*, available at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=DC&fiscal_year=2019&zip=&city= (last accessed Aug. 15, 2019).

Interim Fees App. Ex. A at 39. While I recognize that overseas travel is expensive, Petitioner has not justified such an exorbitant sum, nor has she provided itemized documentation of Dr. Shoenfeld's expenses that would allow me to independently assess their reasonableness. I will therefore award $2000.00 for Dr. Shoenfeld's travel costs, a reduction of $3,480.00.

In the first interim fees award, I found a rate of $500 per hour to be reasonable for Dr. Shoenfeld's work. First Interim Fees Dec. at 6. Employing that rate again here, I will make no adjustments to the hours billed for participation at the hearing. I will therefore, in light of the aforementioned reductions, reduce the costs award for expenses related to Dr. Shoenfeld by **$3,855.91**.

### B. Travel Costs

Several other travel-related cost requests are also unreasonably high. While I find all meal requests to be reasonable, I will reduce excessive flight and lodging costs.

*Flights*

Petitioner requests reimbursement for Mr. Downing's and Ms. Van Cott's flights between Phoenix, Arizona, and Washington, D.C., for the June 25, 2019 hearing. Interim Fees App. Ex. A at 40–46. Mr. Downing, who flew first class, incurred a charge of $1,578.60 for his round-trip flight, while Ms. Van Cott's economy class flight cost $1,303.81. *Id.* at 41, 46. The Vaccine Program does not reimburse first class air travel. *See, e.g.*, *Davis v. Sec'y of Health & Human Servs.*, No. 16-774V, 2019 WL 2281748, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019) (citations omitted) (reducing first class flight costs by 50%). I will reduce the cost award for Mr. Downing's flight to match the economy price ticket of Ms. Van Cott (though I note that I find her ticket price to be high as well, and caution Petitioner's counsel to select more reasonably-priced flights in the future). This flight cost adjustment results in a reduction of $274.79.

*Lodging*

As discussed above in relation to Drs. Boylan and Shoenfeld, I find lodging costs in excess of $400 per night to be unjustifiably high. Petitioner, as well Mr. Downing and Ms. Van Cott, also stayed in the J.W. Marriott Hotel in downtown Washington, D.C. for the June 25, 2019 hearing. Interim Fees App. Ex. A at 57, 59, 62. Petitioner and both attorneys stayed for three nights. *Id.* Although the total charge for each varied slightly, the lodging costs for all three greatly exceeded a reasonable rate: Petitioner's Marriott bill was $2,057.60, Ms. Van Cott's was $2,158.77, and Mr. Downing's was $2,864.27. *Id.* Notably, Mr. Downing's bill includes two unexplained charges, one for $116.80 and another for $500.00. *Id.* at 59. With no explanation for these sums, I will not reimburse them. I will also reduce the room rates for all three to $400 per night, resulting in a

combined reduction of $3,480.64.

I find all other travel-related costs—including individual airfare for Petitioner—to be reasonable, and will make no additional adjustments. Overall, Petitioner's travel costs will be reduced by **$3,755.43**.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART AND DEFER IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs. I defer ruling on an award of attorney's fees, and award costs as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| **Litigation Costs** | $48,309.60 | $10,250.52 | $38,059.08 |

I therefore award a total of **$38,059.08** in interim costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.